## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DAVID A. BERG,                                        Case No. 19-CV-2822 (ECT/HB)

Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

DAKOTA COUNTY SHERIFF'S
DEPARTMENT,

Respondent.

Petitioner David Berg was found in direct contempt of court during dissolution of marriage proceedings in Dakota County, Minnesota.  (Pet. Ex. A (Contempt Order, *In re Marriage of Berg*, Case No. 19-HA-FA-17-406 (Minn. Dist. Ct. Sept. 26, 2019)) [Doc. No. 1-1 at 4].)  Petitioner was sentenced to 90 days in county jail, with his only purge condition being that he sign documents for the sale of real property.  (*Id.*)  Berg now seeks federal habeas corpus relief from that detention.  (Pet. at 5 [Doc. No. 1].)  This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  For reasons explained below, the undersigned recommends dismissal of this action.

The doctrine of abstention as set forth in *Younger v. Harris,* 401 U.S. 37 (1971), requires federal courts to refrain from interfering in state criminal proceedings, state civil

---

[1]  The Court may apply the Rules Governing Section 2254 Cases to any habeas corpus petition pursuant to Rule 1(b) of those Rules.

proceedings that are akin to criminal prosecutions, or proceedings that implicate a State's

interest in enforcing the orders and judgments of its courts. *See Sprint Commc'ns, Inc. v.

Jacobs,* 571 U.S. 69, 72–73 (2013). Circumstances warranting abstention under *Younger*

include "civil proceedings involving certain orders that are uniquely in furtherance of the

state courts' ability to perform their judicial functions." *Id.* at 73 (citing *New Orleans

Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 367–68 (1989)).

Contempt proceedings are a paradigmatic example of a process that is directly in

furtherance of the court's ability to perform its judicial function; those proceedings

therefore fall within the rubric of *Younger*. *See Juidice v. Vail*, 430 U.S. 327, 335-36

(1977).

Nothing in the petition provides a reason for finding that the Court should ignore

*Younger* and interfere with the contempt proceedings in this case. Berg does not suggest,

nor is there any reason outside the record to believe, that he was not provided an

opportunity during the state proceedings to argue that his detention would violate federal

law. *See id.* at 335. Berg appears merely to view this forum as a venue for appealing the

contempt finding. This, however, is directly precluded by *Younger*.

This Court also notes that even if abstention were not required under *Younger*,

Berg does not adequately allege how, exactly, his federal rights have been violated. Berg

argues that the state court has misapplied rules, statutes, and decisions of state law, but "it

is not the province of a federal habeas court to reexamine state-court determinations on

state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Nor do Berg's

generalized invocations of due process put either the Court or Respondent on notice of the specific deficiency with the contempt proceedings being alleged under federal law.

Accordingly, it is recommended that this matter be dismissed without prejudice. Only two matters merit further comment.  First, Berg refers in his habeas petition to 42 U.S.C. § 1983 and other vehicles for *civil* — that is, non-habeas — relief.  But claims under § 1983 must be bought in a traditional civil action, not in a petition for a writ of habeas corpus.  *See, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

Second, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook Cty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus.").  A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Berg's current habeas corpus petition differently than it is being treated here.  Berg has not identified, and this Court cannot discern, anything novel, noteworthy or

worrisome about this case that warrants appellate review. It is therefore recommended

that Berg should not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.      This matter be **DISMISSED WITHOUT PREJUDICE**.

2.      No certificate of appealability be issued.

Dated: December 17, 2019                        s/ *Hildy Bowbeer*
                                               Hildy Bowbeer
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).