UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David A. Berg,　　　　　　　　　　　　　　　　File No. 19-cv-2822 (ECT/HB)

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Dakota County Sheriff's Department,

　　　　　Respondent.

---

　　　　　Petitioner David A. Berg seeks a writ of habeas corpus that would, if issued, "[v]acate and set aside his incarceration under the Contempt Order . . . of the Minnesota State District Court whereby the Respondent would be required to show why [Petitioner's] continued incarceration is just." Pet. at 1 [ECF No. 1]. Magistrate Judge Hildy Bowbeer has issued a Report and Recommendation ("R&R"). ECF No. 6. In it, Magistrate Judge Bowbeer recommends that Berg's petition be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971). Berg has not objected to the R&R, and it would ordinarily be reviewed for clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). But Berg has since been released from custody. *See* ECF No. 8 at 1. For that reason, it is thus necessary to determine whether this change in Berg's circumstances renders the case moot, meaning there is not subject-matter jurisdiction.

　　　　　The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all

stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (citations and internal quotation marks omitted). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Missouri State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). If an action is moot because it no longer satisfies the case-or-controversy requirement, a federal court "ha[s] no discretion and must dismiss the action for lack of jurisdiction." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). There are four exceptions, however. If any of the following exceptions apply, a court should not dismiss a habeas petition as moot:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quotation omitted), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

Here, there is no question Berg's petition is moot. Berg sought to vacate and set aside his incarceration. Pet. at 1. Berg has since been released from custody. ECF No. 8 at 1. As a result, the relief he initially sought would now be ineffectual—he is no longer incarcerated, so it is not possible to "[v]acate and set aside his incarceration under the Contempt Order" or require Respondent to "show why this continued incarceration is just."

*Id.* "Because plaintiff[] ha[s] been released . . . and [is] no longer confined at [Dakota County Jail], [his] claim[] is moot." *Hickman v. State of Mo.*, 144 F.3d 1141, 1142 (8th Cir. 1998).

Berg argues nonetheless that his petition should not be dismissed because his incarceration is capable of repetition yet evading review. *See* ECF No. 8 at 2. Berg asserts he will be found in contempt again because he will continue to willfully violate state-court orders. *Id.* This is not persuasive. The exception for wrongs capable of repetition yet evading review applies only in "exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (cleaned up). As for the "capable-of-repetition" prong, "courts generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Hickman*, 144 F.3d at 1143 (quoting *Honig v. Doe*, 484 U.S. 305, 320 (1988)) (alteration omitted). This is especially so when the petitioner is "in control of the type of conduct that will put [him] in jail again and subject [him] to the same deprivations alleged" in his petition. *Id.* (quoting *Reimers v. Oregon*, 863 F.2d 630, 632 n.4 (9th Cir. 1988)). Here, Berg controls whether he complies with state-court orders. Also, Berg has not identified a state-court order that imposes current obligations or that has been entered and imposes future obligations the violation of which would pose a realistic risk of detention. This case

is therefore not one of the "exceptional situations" in which the capable-of-repetition-yet-evading-review doctrine applies.

Nor do any other exceptions apply. Berg does not argue that he will suffer collateral injuries as a result of the contempt order. While he asserts that he will suffer consequences as a result of various other orders in his state-court dissolution proceeding, a habeas petition is not the proper vehicle for resolution of those issues because the orders he disagrees with do not subject him to imprisonment. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see also St. Pierre v. United States*, 319 U.S. 41, 43 (1943) ("[T]he moral stigma of a judgment which no longer affects legal rights does not present a case or controversy[.]"). The third exception, for voluntary cessation, arises in cases in which "the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC*, 568 U.S. at 91). Here, the state court has not voluntarily ceased issuing orders with which Berg disagrees, has not vacated those orders, and has not indicated it would not find Berg in contempt if he continues to willfully flout those orders. Finally, the fourth exception does not apply because this is not a class-action suit. Thus, none of the exceptions to the mootness doctrine apply, and the mootness of Berg's case results in a lack of subject-matter jurisdiction over his habeas petition.

# ORDER

Therefore, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Court **DECLINES TO ACCEPT** the Report and Recommendation [ECF No. 6] because the case has become moot;

2. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED** as moot; and

3. The action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 6, 2020

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court